FILED

FEB 0 4 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GUILLERMO VERA, | No. C 13-02146 EJD (PR) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| CONNIE GIPSON, et al., | |
| Defendants. | |
| | (Docket No. 22) |

Plaintiff, a California inmate at the Corcoran State Prison ("CSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against CSP officials.  On October 17, 2013, the Court granted Defendants' motion to dismiss the complaint for failure to exhaust administrative remedies, and dismissed the action without prejudice to Plaintiff refiling after all available administrative remedies have been properly exhausted.  (See Docket No. 20.)  On December 10, 2013, Plaintiff filed a "motion to amend findings" and cites to Federal Rule of Civil Procedure 60(b).  (Docket No. 22.)  Accordingly, the Court construes the filing as a motion for reconsideration.

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court.  See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.

Order Denying Motion for Recon.
02146Vera_recon.wpd

1  1981). "'[T]he major grounds that justify reconsideration involve an intervening change

2  of controlling law, the availability of new evidence, or the need to correct a clear error or

3  prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d

4  364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d

5  713, 715 (9th Cir. 1970)). Rule 60(b) provides for reconsideration where one or more of

6  the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2)

7  newly discovered evidence which by due diligence could not have been discovered before

8  the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the

9  judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b);

10 School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).

11         Plaintiff fails to allege the provision of such rule under which reconsideration is

12 warranted; he alleges no new evidence that could not have been discovered with due

13 diligence, no mistake, inadvertence, surprise or excusable neglect, no fraud by the adverse

14 party, and no voiding of the judgment.  Plaintiff "implores" the Court to "not hold him to

15 the same astringent [*sic*] standards of an educated attorney." (Docket No. 22 at 2.)

16 However, lack of legal sophistication does not excuse exhaustion, just as an inmate who

17 is unaware of a facility's grievance procedure is not excused from exhaustion when he

18 could learn of the procedure with reasonable effort. Albino v. Baca, 697 F.3d 1023, 1040

19 (9th Cir. 2012), rehearing en banc granted by Albino v. Baca, 709 F.3d 994 (9th Cir. Mar.

20 12, 2013). Furthermore, Plaintiff attempts to set forth legal claims which he asserts are

21 the subject matter of this action.  The Court is unable to ascertain the veracity of this

22 assertion because the claims presented in his complaint were written in Spanish.  Plaintiff

23 presents no other reason justifying relief.  Accordingly, the motion for reconsideration is

24 DENIED.

25         This order terminates Docket No. 22.

26 DATED: ___**2/3/14**___                    _____

27                                             EDWARD J. DAVILA
                                              United States District Judge

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


GUILLERMO VERA,

                Plaintiff,

   v.

CONNIE GIPSON, et al.,

                Defendants.
                          /

Case Number: CV13-02146 EJD

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____ 2/04/14 _____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Guillermo Vera K-73387
Corcoran State Prison
P. O. Box 3476
Corcoran, CA 93212

Dated: _____ 02/04/14 _____

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk