UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. KULKA,<br><br>                          Petitioner,<br><br>     v.<br><br>K. HARRIS, Attorney General of California,<br><br>                          Respondent. | Civil No.   14cv0283-LAB (RBB)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

On July 18, 2013, Petitioner, a state prisoner proceeding pro se, submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, to the District Court for the Northern District of California, and paid the $5.00 filing fee. Petitioner filed a First Amended Petition in that Court on December 11, 2013. Because Petitioner is apparently challenging a conviction from the San Diego County Superior Court, the matter was transferred to this Court.

Review of the First Amended Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the

institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "K. Harris, Attorney General of California," as Respondent.  The Attorney General of the State of California is not a proper respondent in this action.  Rule 2 of the Rules following § 2254 provides that the state officer having custody of the petitioner shall be named as respondent.  Rule 2(a), 28 U.S.C. foll. § 2254.  However, "[i]f the petitioner is not yet in custody – but may be subject to future custody – under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgement was entered."  Rule 2(b), 28 U.S.C. foll. § 2254.  Petitioner indicates that he is currently serving a sentence of 15 years-to-life for the conviction he is challenging.  (Pet. at 2.)  Thus, there is no basis to have named the Attorney General as a respondent in this action.

In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

/ / /

Accordingly, the Petition is **DISMISSED** without prejudice for failure to name a proper Respondent. If Petitioner wishes to proceed with this matter, he must file a Second Amended Petition which names a proper Respondent **on or before March 31, 2014**. The Clerk of Court shall send Petitioner a blank Southern District of California amended petition form along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: February 17, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge